# In the United States Court of Federal Claims

No. 23-1358

Filed: May 7, 2025

|  |  |
|---|---|
| 233RD STREET PARTNERSHIP, L.P., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

*Michael J. Smith*, Steward, Wald & Smith, LLC, St. Louis, MO, for plaintiff.

*Peter W. Broker,* United States Department of Justice, Environment and Natural Resources Division, New York City, N.Y., for defendant.

**OPINION AND ORDER**

*SMITH*, **Senior Judge**

    Can a permanent physical taking claim succeed if the alleging party has no ownership interest in the land seized by the federal government? The answer is obviously no. *Schulenburg v. United States*, 137 Fed. Cl. 79, 87 (2018) ("To establish a taking, Plaintiffs must establish their ownership interest in the private property allegedly taken." (citing *Cienega Gardens v. United States*, 331 F.3d 1319, 1328 (Fed. Cir. 2003)). Therefore, the Fifth Amendment takings claim brought by plaintiff, 233rd Street Partnership, L.P. ("the Partnership"), an entity that lacks ownership over the allegedly seized property in Bronx County, New York, fails as a matter of law. *See generally* Complaint at 1, ECF No. 1 [hereinafter Compl.]. Defendant the United States of America's cross-motion for summary judgment, ECF No. 28, is consequently granted, and the Partnership's motion for partial summary judgment, ECF No. 27, is denied.

**I**

    The property allegedly owned by the Partnership is located at 170 West 233rd Street, Bronx, New York. *See* Plaintiff's Motion for Partial Summary Judgment at 1, ECF No. 27 [hereinafter Pl.'s Mot.]. Across this property is an easement set-aside for a railroad, C.S.X. Transportation, Inc ("C.S.X."). *Id.* at 5–6; *see also* Defendant's

Combined Opposition to Plaintiff's Motion for Partial Summary Judgment and Cross-Motion for Summary Judgment at 2, ECF No. 28 [hereinafter Def.'s Mot.].  The easement is in service of a rail corridor that runs for 0.77 miles on C.S.X.'s Putnam Branch in Bronx County, New York.  *See* Def.'s Mot. at 2 (citing Pl.'s Ex. C, ECF No. 27-4).  The Partnership's parcel is almost directly in the middle of this corridor.  *Id.*

C.S.X. is the successor-in-interest to the New York and Boston Railroad Company that acquired the easement on April 1, 1872.  *See id.* (citing Pl.'s Ex. J at 8–9, ECF No. 27-11).  In 1872, the easement overlayed property—the same Partnership property allegedly seized by the federal government today—that was owned by Mr. John Bogardus.  *Id.* at 2–3.  On May 18, 1872, Mr. Bogardus executed a warranty deed conveying his fee simple ownership interest in the property at issue to the New York and Boston Railroad Company.  *See generally* Def.'s Mot. Ex. A, ECF No. 28-1.  For over 150 years, this warranty deed has controlled ownership of the Bronx property and did not become controversial until C.S.X. discontinued the corridor's rail line in the 1990s.  Def.'s Mot. at 3 (citing Pl.'s Ex. B-1 at 26:21–27:16, ECF No. 27-2).

Since the C.S.X. rail line discontinuance, the City and State of New York began plans to develop the corridor as a park—and formalized that intent in January 2011 via the City of New York's zoning authority, known as the Planning Commission.  *Id.* at 3–4.  Nonetheless, the park is still unconstructed.  The City of New York and C.S.X. spent over a decade negotiating a purchase and sale agreement for the easement.  *Id.* at 4.

On December 23, 2022, C.S.X. sold the corridor to the City of New York.  *Id.* (citing Def.'s Ex. G, ECF No. 28-7).  Pursuant to this contract, C.S.X. was required to file a verified notice of exemption so that the City of New York could develop the corridor as a park.  *Id.*  On April 11, 2023, C.S.X. did so, prompting the City of New York to petition the United States Surface Transportation Board for interim trail use.  *Id.* at 4–5.  On May 26, 2023, the United States Surface Transportation Board approved the petition and issued a Notice of Interim Trail Use.  *Id.* (citing Pl.'s Ex. F, ECF No. 27-7).

On August 28, 2023, the Partnership filed a Fifth Amendment claim in this Court, seeking compensation for a federal taking of its alleged property in the Bronx created by Notice of Interim Trail Use.  *See generally* Compl.  On December 13, 2024, the Partnership filed its Motion for Partial Summary Judgment.  *See generally* Pl.'s Mot.  On January 24, 2025, defendant filed its Oppostion to Plaintiff's Motion for Partial Summary Judgment and Cross-Motion for Summary Judgment.  *See generally* Def.'s Mot.  On February 7, 2025, the Partnership filed its Reply in Support of Its Motion and Response in Opposition to Defendant's Cross-Motion.  *See generally* Plaintiff's Reply in Support of Its Motion and Response in Opposition to Defendant's Cross-Motion, ECF No. 29 [hereinafter Pl.'s Reply].  On February 21, 2025, defendant filed its Reply in Support of its Cross-Motion.  *See generally* Defendant's Reply in Support of its Cross-Motion, ECF No. 30.  On May 5, 2025, the Court heard oral argument on the pending motions.

## II

Rule 56(a) of the Rules of the United States Court of Federal Claims requires the Court to enter judgment if there is "no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law." "A genuine issue is one that 'may reasonably be resolved in favor of either party.'" *Schulenburg*, 137 Fed. Cl. at 86 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). The party moving for summary judgment bears the burden of establishing the absence of any genuine issue of material fact. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987). Once the moving party meets its burden, the non-movant must present sufficient evidence—*not* "just denials, conclusory statements, or evidence that is merely colorable"—to rebut the moving party's evidence. *Schulenburg*, 137 Fed. Cl. at 86. In the event of any ensuing evidentiary conflict, factual doubt will be resolved in favor of the non-moving party. *Mingus Constructors, Inc.*, 812 F.2d at 1390. This standard still applies where, like here, both parties move for summary judgment. *Schulenburg*, 137 Fed. Cl. at 86; *e.g.*, *Mingus Constructors, Inc.*, 812 F.2d at 1391 ("[T]he court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.").

## III

This dispute's crux is a 153-year-old deed. On May 18, 1872, Mr. Bogardus conveyed "in fee simple" land located in the Bronx, New York, to the New York and Boston Railroad Company only a month after a superior court order conveyed the property as an easement to same party on April 1, 1872. *See* Def.'s Ex. A at 2, ECF No. 28-1. The deed also bestows the New York and Boston Railroad Company "good right, full power, and lawful authority to grant, bargain, sell and covey" the property at issue. *Id.* at 4.

No party disputes this deed is lawful. Rather, the Partnership tries to make real its unsubstantiated theory that Mr. Bogardus was only conveying the easement and not the property itself. *E.g.*, Pl.'s Reply at 17. Its evidence? Mr. Bogardus "obviously" was conveying only the rights to an easement because the deed was executed only a month later. *Id.* at 13.

The Partnership's mere conjecture is deeply unpersuasive because, under New York state law, the deed unambiguously conveyed the property at issue to the New York and Boston Railroad company. *Schulenburg*, 137 Fed. Cl. at 86 (describing that "conclusory statements" are insufficient at summary judgment). New York law controls because the Partnership's alleged property is in the Bronx, New York. *Castillo v. United States*, 952 F.3d 1311, 1315 (Fed. Cir. 2020). Under this legal regime, a property deed's four corners are determinative, unless there is some textual ambiguity in the deed itself. *Camp Bearberry, LLC v. Khanna*, 225 N.Y.S.3d 767, 770 (N.Y. App. Div. 2025).

Nothing in the deed—and the Partnership does not point to any language—could be "susceptible [to] more than one interpretation." *Torpy's Pond & Outdoor Club, Inc.*

*v. DuSell*, 157 N.Y.S.3d 157, 160 (N.Y. App. Div. 2021).  Mr. Bogardus's deed (as so many property contracts do every day) simply conveys property "in fee simple," leaving Mr. Bogardus no ownership interests or powers left in the property.  *See* Def.'s Ex. A at 2, ECF No. 28-1.  It hints at no previous engagement or decision by the parties.  It just conveys property with full rights of ownership to the New York and Boston Railroad Company.  *Id.* at 4.

The clear deed is the end of the matter: the Partnership does not own the property at issue.  And without an ownership interest, no compensable taking exists as to the Partnership.  *Cienega Gardens*, 331 F.3d at 1328.  The Partnership's Fifth Amendment taking claim therefore fails as a matter of law.

## IV

For the foregoing reasons, defendant's Cross-Motion for Summary Judgment, ECF No. 28, is **GRANTED**.  Plaintiff's Motion for Partial Summary Judgment, ECF No. 27, is **DENIED**.  The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge